# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY STEWART,<br>CDCR #AF-0017,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J. JUAREZ, Associate Warden;<br>M. RODRIGUEZ, Correctional Officer;<br>N. GARSILANO, Correctional Officer,<br><br>　　　　　　　　　Defendants. | Case No.: 3:18-cv-02291-JAH-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**3) DENYING MOTION TO SERVE SUBPOENAS AS MOOT [ECF No. 4]** |

　　　Larry Stewart ("Plaintiff") is a prisoner currently incarcerated at Mule Creek State Prison in Ione, California. He is proceeding pro se, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl, ECF No. 1.)

　　　Plaintiff claims an Associate Warden at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and two RJD Correctional Officers (Rodriguez and

1

Garsilano) violated the Eighth Amendment's prohibition of cruel and unusual punishment when they searched his photo album on December 3, 2017, confiscated it after finding it contained photographs of "scantily clad wom[e]n," and destroyed it. (*Id.* at 3-4.) Plaintiff claims the album also contained irreplaceable family photos, and their loss has caused him great mental anguish for which he seeks $400,000 in general and punitive damages. (*Id.* at 9.)

Plaintiff did not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion requesting that the U.S. Marshal effect service of summons and subpoenas upon the Defendants on his behalf. (ECF No. 4.)

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report recording his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* ECF No. 2 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This Report shows Plaintiff had an average monthly balance of $3.41, and average monthly deposits of $1.87 to his trust account for the 6-months preceding the filing of this action, but a zero available balance at the time of filing. *See* ECF No. 2 at 1, 3. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but declines to impose any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Acting Secretary of the

3

3:18-cv-02291-JAH-LL

California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.    <u>Plaintiff's Allegations</u>

As noted above, Plaintiff claims RJD officials confiscated and then destroyed his photo album, including irreplaceable family photographs, after a search revealed it also contained nude photographs considered contraband. (*See* Compl., ECF No. 1 at 3, 22.) Plaintiff contends the destruction of his family photos constitutes Cruel and Unusual Punishment in violation of the Eighth Amendment. (*Id.* at 3.)

      C.    <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

      D.    <u>Property Deprivation Claims</u>

Plaintiff claims Defendants were employed as correctional officials at RJD, and in that capacity, confiscated and then destroyed his family photos. *See* Compl., ECF No. 1 at 2-3. Therefore, he alleges facts sufficient to show Defendants acted under color of state law. However, he fails to further allege facts sufficient to support a constitutional violation. *See Iqbal*, 556 U.S. at 676.

Plaintiff contends the destruction of his photographs constitutes cruel and unusual punishment. (*See* Compl., ECF No. 1 at 3.) To violate the Eighth Amendment however, Plaintiff must show "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 475 U.S. 312, 347 (1981). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, alleged deprivations under the Eighth Amendment "must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* Mere negligence on the part of the prison official is not sufficient to establish liability—the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

To meet this high standard, a prisoner alleging an Eighth Amendment violation must plead facts sufficient to "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the officials "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted). Prison officials act with "deliberate indifference ... only if [they are alleged to] know[ ] of and disregard[ ] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

While the Court is sympathetic to Plaintiff's loss, the deprivation of family photos, unlike the deprivation of "food, clothing, shelter, sanitation, medical care, [or] personal safety," does not satisfy the Eighth Amendment's objective pleading requirements. *See Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982); *Washington v. Early*, 2008 WL 795603, *16 (E.D. Cal. 2008) ("The confiscation of personal property ... does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate."). Nor has Plaintiff pleaded facts sufficient to show any

named Defendant acted with deliberate indifference to a serious risk to his health or safety by confiscating his photo album. *See Hallett*, 296 F.3d at 744. At most, Plaintiff's allegations suggest Defendants may have acted negligently by failing to separate his family photos from the nudes before destroying his photo album—but "[a]n accident, although it may produce [] anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

And while Plaintiff does not cite either the Fourth or the Fourteenth Amendments as alternative constitutional bases for his deprivation, even if he did, his Complaint would still fail to state a claim upon which § 1983 relief can be granted. Prisoners do not have a Fourth Amendment right to be free from the search or seizure of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." *Taylor*, 871 F.2d at 806. Instead, a prisoner's redress for the seizure of his personal property, if any, is through the Fourteenth Amendment. *Id.; see also Sanchez v. Cty. of Kern*, No. 1:16-CV-00153-LJO-MJS PC, 2016 WL 1461515, at *3 (E.D. Cal. Apr. 14, 2016).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Here, Plaintiff alleges RJD officials unlawfully lost and/or destroyed family photographs which were not contraband. *See* Compl., ECF No. 1 at 3. Prisoners do have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), but the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation if the state provides an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if

the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court."); *Valencia v. Gipson*, No. 1:16-CV-00174-RRB, 2016 WL 8732378, at *2 (E.D. Cal. June 24, 2016) (dismissing claims that prison officials "lost or caused to be lost" plaintiff's irreplaceable family photographs when they transferred him from general population to the SHU for failing to state a due process claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A).

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to allege any plausible claim for relief, and therefore, it must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

The Court further denies leave to amend as futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted); *see also Hawthorne v. Kernan,* No. 17-CV-04960-HSG, 2017 WL 6623017, at *4 (N.D. Cal. Dec. 28, 2017) (dismissing Plaintiff's Eighth Amendment confiscation and destruction of personal property claims sua sponte pursuant to 28 U.S.C. § 1915A(b) "with prejudice because amendment would be futile."); *Everett v. Brazelton*, 588 F. App'x 688 (9th Cir. 2014) (affirming dismissal of California prisoner's Due Process claims based on lost property because amendment as to those claims "would have been futile.") (citing *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 861-17).

///
///
///

## III. Conclusion and Orders

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** this civil action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) without leave to amend, and **DENIES** Plaintiff's Motion to serve Subpoenas via the U.S. Marshal (ECF No. 4) as moot.

5. **CERTIFIES** that an IFP appeal from this Order would be not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: January 24, 2019

JOHN A. HOUSTON
United States District Judge

9

3:18-cv-02291-JAH-LL